## THURMAN v. DAY.
### No. 7945.

Court of Civil Appeals of Texas. Austin.
Feb. 7, 1934.

A. M. Felts, of Austin, for appellant.
George Mendell, of Austin, for appellee.

**BAUGH, Justice.**

Day sued Thurman in the county court, alleging substantially the following: That in 1931 he traded or exchanged a refrigerator valued at $338, belonging to him, for 20 miniature pool tables claimed by Thurman to be owned by him, and located in Jackson, Miss., then in the possession of one J. W. Lee; that in addition to the pool tables Thurman paid him $35 in cash, and took possession of the refrigerator; that he (Day) went to Mississippi to take possession of said tables, which Lee refused to deliver to him and subsequently disappeared taking the tables with him; that in addition to the $35 payment on the refrigerator made, Thurman subsequently made a further payment of $25. He also alleged: "That the said refrigerator has never been paid for by defendant, as he agreed and promised to do, as herein alleged; and plaintiff sues for its recovery, or its market value at this time, in money, to be applied on the indebtedness of the defendant to him."

We do not deem it necessary, in view of the record presented, to set out the exceptions and defenses pleaded by Thurman. Trial was to the court without a jury and judgment rendered against Thurman for $278; hence this appeal. No statement of facts accompanies the record, but the findings of fact of the trial court, briefly summarized, pertinent to our inquiry, were that Day traded Thurman the refrigerator of the value of $338 for the 20 miniature pool tables and the $35 in cash; that he delivered the refrigerator to Thurman, but that Thurman never delivered the pool tables to him, and subsequently paid him $25 additional on the refrigerator; and that Thurman has refused to make any further settlement between them.

■ Appellant's first proposition is that: "Where there is no evidence to support the allegations of the petition upon which the plaintiff relies for recovery, the judgment should be reversed."

As a proposition of law, this of course is correct. There being no statement of facts, we are bound by the findings of fact of the trial court, and it will be presumed that the proof sustained them. The sufficiency of the pleadings to authorize any recovery is not here questioned; but appellant contends that the judgment rendered upon the findings made cannot be sustained under plaintiff's petition, in that he alleged his measure of damages to be the value of the pool tables, and not the value of the refrigerator exchanged for them. There was no finding as to the value of the pool tables.

■ It is true that plaintiff did allege that the value of the pool tables was $400, and sought recovery of such value as his measure of damages. Though not designated as an alternative plea, the petition also alleged the value of the refrigerator; that he had not been paid for same except the $60 admitted; and asked judgment for his debt and for general relief. While the petition could have been more specifically drawn in these respects, taken as a whole, we think it was sufficient to allege a failure of the consideration agreed to be paid by Thurman for the refrigerator, save as to the $60 admitted to have been paid. The findings of fact sustained the judgment for a balance due on the value of the refrigerator, which appears to have been the theory on which the case was tried, and that judgment will therefore be sustained.

The second proposition is but a restatement in different language of the first, and is overruled for the reasons above stated. The judgment of the trial court is affirmed.

Affirmed.